UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CAROLYN AUDRICT ET AL.                     CIVIL ACTION

V.                                         NO. 14-31

DEPUY ORTHOPAEDICS, INC. ET AL.            SECTION: "F"

ORDER & REASONS

Before the Court is defendants' motion to dismiss under Rule 12(b)(6). For the reasons that follow, the motion is GRANTED in part and DENIED without prejudice in part.

Background

This products liability lawsuit arises from surgery injuries Carolyn Audrict allegedly sustained after implantation of the PFC Sigma Knee System, a total knee prosthesis manufactured by defendants. Mrs. Audrict and her husband, Erroll Audrict, Sr., filed suit in state court raising multiple claims. Defendants removed the suit, and now move to dismiss under Rule 12(b)(6).

I.

A.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d

-1-

1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).

*B.*

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading "as a matter of course within...21 days after service of a motion under Rule 12(b)."  Fed. R. Civ. P. 15(a)(1)(B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

II.

*A.*

The Louisiana Products Liability Act (LPLA) provides the exclusive remedy for products liability claims, or harm caused by a manufacturer's product. La. R.S. § 9:2800.52; <u>Demahy v. Schwarz Pharm, Inc.</u>, 702 F.3d 177, 182 (5th Cir. 2012); <u>Jefferson v. Lead Indus. Ass'n, Inc.</u>, 106 F. 3d 1245, 1250-51 (5th Cir. 1997).  Thus, it is clear that "[a] plaintiff may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability not set forth in the LPLA." La. R.S. § 9:2800.52. Moreover, even if an action under the LPLA is predicated on principles of strict liability, negligence, or warranty, these theories are not available as independent theories of recovery against the manufacturer.  <u>Stahl v. Novartis Pharma. Corp.</u>, 283 F.3d 254, 261 (5th Cir. 2002).

Defendants contend that all of plaintiffs' claims other than those under the LPLA must be dismissed.  The plaintiffs' concede as much, and the Court agrees.

*B.*

Under the LPLA, a plaintiff must prove that (1) the defendant is the manufacturer of the product; (2) her injury or damage was proximately caused by a characteristic of the product; (3) this characteristic made the product "unreasonably dangerous"; and (4) the plaintiff's damage arose from a reasonably anticipated use of

the product.  Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 261 (5th Cir. 2002).  A plaintiff may prove that a product is "unreasonably dangerous" only by establishing that it is so:  (1) in construction or composition; (2) in design; (3) due to inadequate warning; or (4) due to nonconformity to an express warranty.  Id.; La. R.S. § 9:2800.54(B)(1-4).

Although defendants insist that plaintiffs have failed to state a claim under any of these theories, the Court finds resolution of the matter premature.  Plaintiffs have requested leave to amend their complaint to cure any deficiencies.  Although it is too late for plaintiffs to amend their complaint as a matter of course, the Court finds that leave to amend is appropriate under the circumstances.  Fed. R. Civ. P. 15(a)(1),(2).

Accordingly, defendants' motion to dismiss is GRANTED in part, and DENIED without prejudice in part.  Plaintiffs must file their amended complaint within ten days.  All but the LPLA claims are dismissed with prejudice.

New Orleans, Louisiana, March 7, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE